# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.:

---

MOFID AWAWDEH,

Plaintiff(s),

against

COSTCO WHOLESALE CORPORATION,

Defendant(s).

Plaintiff designates the COUNTY OF KINGS as the place of trial. The basis of the venue is Pursuant to CPLR §503(a).

**SUMMONS**

Pursuant to CPLR §503(a):
976 Third Avenue
County of Kings

---

To the above-named defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorney(s) within 20 days after the service of this summons, excluded of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer a judgment will be taken against you by default for the relief demanded in the complaint.

Date: January 22, 2025

*Mark J. Linder*
Mark J. Linder, Esq.
**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff(s)
3 Park Avenue, Suite 2300
New York, NY 10016

Defendant' address:

COSTCO WHOLESALE CORPORATION
c/o C T Corporation System
28 Liberty Street
New York, NY 10005

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-----------------------------------------------------------------------------------------x
**MOFID AWAWDEH,**

**Plaintiff,**

**-against-**

**VERIFIED COMPLAINT**
**Index No.:**

**COSTCO WHOLESALE CORPORATION,**

**Defendant.**
-----------------------------------------------------------------------------------------x

Plaintiff complaining of the defendant herein, by his attorneys HARMON, LINDER & ROGOWSKY, respectfully sets forth and alleges as follows:

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF**

1. Pursuant to CPLR §503(a), Kings County is the proper venue as that the accident herein complained of occurred within said county.

2. That defendant COSTCO WHOLESALE CORPORATION was and still is a foreign business corporation organized in Washington and authorized under the laws of the State of New York.

3. That defendant COSTCO WHOLESALE CORPORATION was and still is conducting and/or transacting business in the State of New York.

4. That the defendant deviated from the applicable standard of care with respect to the plaintiff causing the damages, losses and injuries set forth in this complaint.

5. That at all times herein mentioned, the said location and place of the plaintiff's accident was inside the Costco store (2nd floor) on and upon the lands and premises located at **976 Third Avenue, in the County of Kings** and State of New York.

6. That at all times herein mentioned, the date and time of the plaintiff's accident was on **March 24, 2024 at approximately 11:00 am.**

7. That on said date, time and place, the plaintiff herein was lawfully present at said location.

8. That on said date, time and place, the plaintiff herein was involved in an accident.

9. That on said date, time and place, the plaintiff herein sustained injuries due to said accident.

10. Upon information and belief, that on said date, time and place, the plaintiff herein fell and sustained injuries due to negligent, dangerous and/or defective conditions.

11. Upon information and belief, that on said date, time and place, the plaintiff herein fell and sustained injuries due to the negligence, carelessness and/or deliberate indifference of the defendant.

12. That on said date, time and place, the plaintiff herein was lawfully walking at said location and was caused to slip and fall due to condition(s) including but not limited to the following: (1) defective floors; (2) water and/or slippery substances on the floor; (3) absence of non-slip floor matting; (4) flooring materials that became excessively slippery when wet/substance covered; (5) presence of excessive wax and/or floor sealant; (6) flooring materials that were uneven, broken, cracked, damaged, etc. and/or (7) inadequate illumination and thereby sustaining severe injuries as hereinafter set forth.

13. The defendant, at all relevant times, and for many hours and days prior thereto, caused, created, allowed and/or permitted the floors of said location to remain in a dangerous condition.

14. The defendant knew or should have known of said dangerous conditions and should have taken action to correct said conditions.

15. The defendant, at the time of the accident, negligently caused, created, allowed and/or permitted the floor to remain in said dangerous condition and failed to correct the condition.

16. That upon information and belief, the defendant had actual and constructive notice of the conditions on the day of the accident.

17. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION owned certain lands and/or premises at said location.

18. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION was the lessor of certain lands and/or premises at said location.

19. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION was the lessee of certain lands and/or premises at said location.

20. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION operated certain lands and/or premises at said location.

21. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION managed certain lands and/or premises at said location.

22. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION maintained certain lands and/or premises at said location.

23. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION controlled certain lands and/or premises at said location.

24. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION supervised certain lands and/or premises at said location.

25. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION through its acts and/or omissions inadequately and/or improperly owned, leased, operated, managed, maintained, supervised and/or controlled certain lands and/or premises at said location.

26. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION through its acts and/or omissions, negligently, carelessly, inadequately and/or improperly cleaned/repaired/inspected and/or failed to clean/repair/inspect certain lands and/or premises at said location.

27. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION was hired, paid and/or otherwise obligated to provide services including but not limited to employee duties and responsibilities training, inspection, maintenance, remediation and/or other types of services upon certain lands and/or premises at said location.

28. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION had a duty to provide the services rendered in accordance with industry standards and in accordance with the specific demands for the conditions at certain lands and/or premises at said location.

29. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION failed to provide the services rendered in accordance with industry standards at certain lands and/or premises at said location.

30. That on said date, time and place, defendant COSTCO WHOLESALE CORPORATION failed to provide the services rendered in accordance with the specific demands for the conditions at certain lands and/or premises at said location.

31. That the defendant was at all times under a duty to keep said location in a safe, proper and secured manner to prevent injury to the plaintiff and others, in a condition free from dangerous conditions.

32. That defendant, its agents, servants and/or employees thorough their acts and/or omissions were careless and negligent in the ownership, operation and control of said location; in causing, allowing and/or permitting said location to become and remain in dangerous condition, unmaintained, negligent, improper and/or unsafe condition; in failing to make proper, adequate, timely and necessary repairs; in causing, allowing and/or permitting said location to be and remain in a hazardous condition; in failing to make proper, timely and adequate inspection thereof; in failing to maintain the aforesaid premises in a proper manner; in the negligent and dangerous design, installation, maintenance and management of the aforesaid area; in failing to set up proper safeguards and/or barriers; in failing to warn persons lawfully traversing the area of the aforesaid dangerous and hazardous condition; in failing to have sufficient and adequate manpower; in failing to protect invitee of said area; in creating a nuisance or trap; in failing to provide and/or use proper equipment; in failing to correct a reoccurring dangerous condition; and in otherwise failing to use due care, caution and prudence on the premises.

33. That as a result of the foregoing, the plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

34. That this occurrence and the injuries sustained by the plaintiff were caused by the negligence of the defendant, without any negligence on the part of the plaintiff contributing there to.

35. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

36. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

37. The defendant were in violation of and/or in noncompliance with the New York City Administrative Code including but not limited to §28-301.1 of the New York City Administrative Code.

38. The defendant were in violation of and/or in noncompliance with the New York City Housing Maintenance Code including but not limited to §27-2005(a) of the New York City Housing Maintenance Code.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF**

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "38", as if the same were fully hereinafter set forth at length.

40. That the defendant's conduct as earlier described was negligent and careless in *inter alia*:

(a) Failing to take proper precautions for the safety and wellbeing of the plaintiff,

(b) That the defendant was negligent in the hiring, screening, training, and supervising of its employees, agents, contractors, lessors and/or lessees,

(c) Failing to adopt appropriate procedures for the protection of invitees including the plaintiff,

(d) Negligence at law.

41. That the defendant should have known that its failure in such regards would cause harm.

42. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

***WHEREFORE***, plaintiff demands judgment against the defendant on the First and Second Causes of Action together with interest and the costs and disbursements of this action.

Dated: New York, New York
January 22, 2025

*Mark J. Linder*
Mark J. Linder, Esq.
**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff
3 Park Avenue, 23rd Floor, Suite 2300
New York, NY 10016
ACD

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record or of counsel with the attorney(s) of record for the plaintiff.

I have read the annexed SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions held with the plaintiff(s) and papers and/or documents in the file.

The reason I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated: New York, NY
January 22, 2025

*Mark J. Linder*

Mark J. Linder, Esq.

Index No.: Year:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

MOFID AWAWDEH,

Plaintiff(s),

-against-

COSTCO WHOLESALE CORPORATION,

Defendant(s).

---

**VERIFIED SUMMONS AND COMPLAINT**

---

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665

---

To:
Attorney(s) for

---

Service of a Copy of the within is hereby admitted.

Dated: ----------------------
Attorneys for

---

PLEASE TAKE NOTICE:

NOTICE OF ENTRY — That the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on 20____

NOTICE OF SETTLEMENT — that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the Judges of the within named Court, on 20____, at M.

Dated:

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665