UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------X

MOFID AWAWDEH,

*Plaintiff*

-against-

COSTCO WHOLESALE CORPORATION,

*Defendant.*

--------------------------------------X

**MEMORANDUM AND ORDER**

25-CV-06045(KAM)(VMS)

**KIYO A. MATSUMOTO, United States District Judge:**

This is a removed action in which Plaintiff Mofid Awawdeh ("Plaintiff") sued Defendant Costco Wholesale Corporation ("Defendant") for an alleged slip-and-fall that occurred on Defendant's premises on March 24, 2024. (*See* ECF No. 1-1, Summons and Complaint.) Before this Court is Defendant's motion to dismiss for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*See* ECF No. 14, Defendant's Motion to Dismiss ("Def.'s Mot. Dismiss").) For the following reasons, Defendant's motion is **DENIED**.

## BACKGROUND

Plaintiff initiated this action in the Supreme Court of the State of New York, Kings County, on January 22, 2025. (ECF No. 1, Notice of Removal at ¶ 2.) On October 29, 2025, Defendant

removed this action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at ¶¶ 9–15.)

On August 6, 2026, Plaintiff's counsel filed a motion for leave to withdraw, citing a "breakdown of trust" between Plaintiff and Plaintiff's counsel and stating Plaintiff was informed of the attorney's intent to withdraw and had picked up his physical case file. (ECF No. 12, Motion for Leave to Withdraw at 2–3.) On August 14, 2026, Magistrate Judge Scanlon ordered a conference on the motion to withdraw for August 25, 2026, and ordered that "Plaintiff's counsel and Plaintiff must appear" at the conference and that Plaintiff's counsel was to "endeavor to communicate the scheduling of this conference to Plaintiff." (Aug. 14, 2026 Dkt. Order.) Plaintiff's counsel reported to have made "varied attempts" to contact Plaintiff, and Plaintiff did not appear at the August 25, 2026, conference. (Aug. 28, 2026 Dkt. Order.)

Magistrate Judge Scanlon granted the motion to withdraw and ordered Plaintiff, by September 25, 2026, to either (1) retain a new attorney, who must file a notice of appearance or (2) provide the Clerk of the Court's Office with a letter informing the court that Plaintiff will represent himself by proceeding *pro se*. (*Id.*) If neither happened by September 25, 2026, Magistrate Judge Scanlon directed Defendant that it may proceed with appropriate motion

practice by October 23, 2026. (*Id.*) Plaintiff did neither by September 25, 2026.

On October 20, 2026, Defendant moved to dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Def.'s Mot. Dismiss.) This Court ordered Plaintiff to advise the Court by November 6, 2026, whether Plaintiff intended to continue to prosecute this action and to file any opposition to Defendant's motion to dismiss by November 20, 2026, or else Defendant's motion to dismiss would be considered unopposed and granted. (Oct. 20, 2026 Dkt. Order.) This Court mailed a copy of this order to Plaintiff's address. (Oct. 21, 2026 Certificate of Service.)

On November 5, 2026, Julio E. Portilla, Esq. ("Mr. Portilla") filed an appearance on behalf of Plaintiff (ECF No. 15, Portilla Notice of Appearance), and on November 6, 2026, Plaintiff filed his opposition to Defendant's motion to dismiss, (ECF No. 16, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss.). In opposition to the motion, Plaintiff also submitted declarations from Mr. Portilla and himself. (ECF No. 16-1, Portilla Declaration ("Portilla Decl."); ECF No. 16-2, Plaintiff Declaration ("Pl. Decl.").)

Plaintiff states that, although his former counsel reported making numerous and varied attempts to contact him, he did not receive a message advising him that he was required to

attend the August 25, 2026, hearing. (Pl. Decl. at ¶ 5.) Plaintiff further states that he sought replacement counsel and contacted prospective attorneys to take over his case and that some attorneys expressed interest but did not call him back. (*Id.* at ¶ 7.) Plaintiff at no time intended to represent himself in this action and was unable to secure replacement counsel before September 25, 2026. (*Id.* at ¶¶ 7-8.) Plaintiff apologized for failing to secure replacement counsel and states he did not intend to abandon this action. (*Id.* at ¶ 8.) Plaintiff has now retained the Law Office of Julio E. Portilla to represent him, and Plaintiff states that he intends to prosecute this action and understands that he must comply with the Court's orders. (*Id.* at ¶¶ 2, 10; *see also* Portilla Decl. at ¶ 2.)

## LEGAL STANDARD

Defendant has moved to dismiss this case for failure to prosecute under Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"). Rule 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Unless the dismissal order states otherwise, a dismissal under this subdivision "operates as an adjudication on the merits." *Id.* Because the sanction of dismissal with prejudice is particularly harsh, it is reserved for "extreme situations," *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.

1996), and "only upon a finding of willfulness, bad faith, or reasonably serious fault," *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 142 (2d Cir. 2023) (quoting *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)) (citation modified). In determining whether a Rule 41(b) dismissal is appropriate, courts in the Second Circuit consider:

> (1) the duration of noncompliance, (2) whether the plaintiff had notice that noncompliance would [be met] with dismissal, (3) the likelihood that the defendant will be prejudiced by further delay, (4) the balancing of the court's interest in docket management with the plaintiff's interest in being heard, and (5) whether the court adequately considered less drastic sanctions.

*Eaves v. Hub Int'l Grp. Ne. Inc.*, 25-2176-cv, 2026 WL 3227676, at *1 (2d Cir. Oct. 28, 2026) (citing *Lucas*, 84 F.3d at 535). "No single factor is dispositive, and dismissal is reviewed in light of the record as a whole." *Eaves*, 2026 WL 3227676, at *1 (citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)).

A dismissal for failure to prosecute is committed to the discretion of the Court. *See Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 109 (2d Cir. 1992) (a dismissal pursuant to Fed. R. Civ. P. 41(b) is within the discretion of the district court); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (dismissal for failure to prosecute is reviewed for abuse of discretion).

**DISCUSSION**

Dismissal for failure to prosecute is not warranted. Here, only 41 days elapsed between Magistrate Judge Scanlon's court-ordered deadline for Plaintiff to either retain a new attorney or to notify the court of his intent to proceed *pro se* by September 25, 2026, and Mr. Portilla's appearance on Plaintiff's behalf on November 5, 2026. Although 72 days passed between the August 28, 2026, hearing that Plaintiff failed to attend and Mr. Portilla's appearance, Plaintiff claims that he did not receive a message advising him that he was required to attend that hearing and apologized for missing the hearing. (Pl. Decl. at ¶¶ 5-6.) Further, notice is proper when it informs that further delay will result in dismissal. *Lewis v. Frayne*, 595 F. App'x 35, 37 (2d Cir. 2014) (summary order). Here, 16 days after this Court's October 20, 2026, order put Plaintiff on notice that noncompliance would be met with dismissal, Mr. Portilla entered his appearance as Plaintiff's counsel. Accordingly, the first two factors weigh strongly against dismissal, especially in light of Plaintiff's prompt response to the October 20, 2026, order.

Regarding the third factor, Defendant is unlikely to be prejudiced by further delay. Although "[p]rejudice may be presumed as a matter of law in certain cases," the issue of prejudice "turns on the degree to which the delay was lengthy and inexcusable." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248,

256 (2d Cir. 2004) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). "'[T]he need to show actual prejudice is proportionately greater' where 'delay is more moderate or excusable.'" *Hamrit v. Citigroup Glob. Mkts., Inc.*, No. 22-cv-10443 (JPC), 2025 WL 3514760, at *3 (S.D.N.Y. Dec. 8, 2025), *appeal dismissed*, No. 25-3091, 2026 WL 2947775 (2d Cir. July 9, 2026) (quoting *Drake*, 375 F.3d at 256). Here, Defendant expresses concerns that Plaintiff's failure to prosecute creates a "continued uncertainty" that causes delays in both discovery and Defendant's ability to prepare its defense. (*See* ECF No. 14-1, Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def. Mem."), at ¶ 10.) Plaintiff states his delay was because he was unable to secure replacement counsel by September 25, 2026, despite seeking replacement counsel. (Pl. Decl. at ¶ 7.) Mr. Portilla's appearance as Plaintiff's counsel and commitment to complying with the Court's orders resolves Defendant's uncertainty, and Defendant's general concerns do not justify dismissal.

The fourth and fifth factors also weigh against dismissal. Balancing the Court's interest in managing its docket with Plaintiff's interest in being heard weighs in favor of allowing the case to proceed. Generally, there must be "compelling evidence of an extreme effect on court congestion" before the right to be heard is subrogated to the court. *Lucas v. Miles*, 84 F.3d

532, 535-36 (2d Cir.1996). Because dismissals for failure to prosecute are "the harshest of sanctions," *Baptiste*, 768 F.3d at 216-17 (quoting *Mitchell*, 708 F.3d at 467), the Court finds that dismissal for failure to prosecute is not warranted and agrees with Plaintiff that the availability of an enforceable deadline is a less drastic alternative to dismissal.

## CONCLUSION

Based on the facts and circumstances described above, the Court finds that dismissal is not appropriate. Defendant's motion to dismiss for failure to prosecute is **DENIED.** The parties are directed to comply with a scheduling order to be provided by Magistrate Judge Scanlon.

**SO ORDERED.**

Dated: November 20, 2026
Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York